80 F.3d 558
 317 U.S.App.D.C. 82
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Will ANDERSON, Appellant.
 No. 95-3048.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 16, 1996.
 
 Before: EDWARDS, Chief Judge, WALD and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from a judgment of conviction in the District Court, and was briefed and argued by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, appellant's conviction is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.
 
 MEMORANDUM
 
 4
 Following a jury trial, the District Court adjudged appellant Will Anderson guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (1994). Anderson now raises various challenges to his conviction, all of which we reject.
 
 
 5
 Anderson was arrested by FBI agents and transported to the FBI's Washington Metropolitan Field Office eight days after three men robbed the Federal Capital Bank in northwest Washington, D.C. The agents read Anderson his rights and showed him a copy of the FBI's standard advice of rights form; thereafter, Anderson signed a waiver of his right to remain silent and his right to counsel. The agents proceeded to question Anderson about the Federal Capital Bank robbery, but Anderson initially was not forthcoming; he remained silent in response to some questions, and to others he responded, in essence, "You have your evidence, and we'll just see what happens in court." Shortly thereafter, an agent reminded Anderson that he did not have to say anything. The agent continued "small talking" with Anderson for another fifteen minutes, and then remarked on another robbery in which Anderson was also a suspect. Following that comment, Anderson began to discuss the Federal Capital Bank robbery.
 
 
 6
 Prior to the trial, Anderson moved to suppress his statements, but the District Court rejected the motion and permitted the agent to testify at trial regarding certain of Anderson's statements about the robbery.
 
 
 7
 At trial, defense counsel informed the trial judge that one of the jurors was taking notes and asked the court to instruct all the jurors that they could do so as well. The trial judge stated that he would caution the jurors to rely on their own recollection of the evidence and not to feel bound by any given juror's notes, but the trial judge did not instruct the jurors that they were permitted to take notes. Defense counsel did not object to the juror note-taking and acquiesced without objection to the trial judge's method of handling the note-taking issue.
 
 
 8
 At his sentencing hearing, Anderson argued a pro se motion for a new trial based on his claim that the Government had presented perjured testimony through Doris Feintuch, the receptionist at Federal Capital Bank at the time of the robbery, when she testified at trial that she had not attended Anderson's line-up. The District Court rejected Anderson's claim that Ms. Feintuch testified falsely at trial, finding that the weight of the evidence suggested that Ms. Feintuch never saw Anderson in a live line-up.
 
 
 9
 In this appeal, Anderson argues that the District Court erred in denying his motion to suppress, because his statements to the FBI agents regarding the robbery were taken in violation of the rights protected under Miranda v. Arizona, 384 U.S. 436 (1966). In particular, Anderson contends that he revoked his waiver of the right to remain silent before he made the inculpatory statements admitted at trial, and that the FBI agents should have ceased interviewing him after he invoked his Miranda right.
 
 
 10
 The parties agreed at oral argument that the appropriate standard for determining whether Anderson's conduct was in fact an invocation of his right to remain silent is whether a reasonable enforcement officer should have been alerted that Anderson was exercising his right to cut off questioning. Cf. Davis v. United States, 114 S.Ct. 2350, 2355 (1994) (In a case where the accused claimed to have invoked his right to counsel, the Court ruled that "he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."). We find that, under the circumstances of this case, neither Anderson's silence nor his comments about waiting to see what would happen in court satisfy this standard. Therefore, we conclude that the District Court properly denied Anderson's motion to suppress.
 
 
 11
 We also find no merit to Anderson's contentions that he was denied a fair trial because the District Court failed to instruct the jurors that they were permitted to take notes and because the Government allegedly presented perjured testimony at trial. Therefore, we affirm Anderson's conviction.